IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

RALPH WILLIAMS                                                                                    PLAINTIFF

vs.                                         Civil No. 5:07-cv-05230

MICHAEL J. ASTRUE                                                                            DEFENDANT
Commissioner, Social Security Administration

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Ralph Williams ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Act.

On May 30, 2008, Defendant moved to dismiss Plaintiff's case pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, claiming this Court lacks subject matter jurisdiction to hear Plaintiff's appeal. (Doc. No. 5). On June 9, 2008, Plaintiff responded to this motion to dismiss, and in his response, he claims his appeal was timely filed and should not be dismissed pursuant to Rule 12(b)(1). (Doc. No. 7).

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2005), the Honorable Jimm L. Hendren referred this case to the Honorable Barry A. Bryant for the purpose of making a report and recommendation. The Court, having reviewed the entire transcript and relevant briefing, recommends that Defendant's Motion to Dismiss (Doc. No. 5) be **GRANTED.**

1

1. **Background:**[1]

On November 6, 2006, the ALJ issued an unfavorable decision denying Plaintiff's applications for DIB and SSI. Plaintiff then requested that the Appeals Council review the ALJ's unfavorable decision. On September 24, 2007, the Appeals Council sent a letter to Plaintiff and his counsel, Mima Cazort, denying Plaintiff's request for review of the ALJ's unfavorable decision. Although there is some dispute as to when Plaintiff or his attorney received this notice, Plaintiff has admitted that he received this notice by at least October 1, 2007. (Doc. No. 7, Exhibit B). In this notice, Plaintiff was informed of the deadline for filing his civil action in federal court:

**Time to File a Civil Action**

- *You have 60 days to file a civil action (ask for court review).*

- The 60 days starts the day you receive this letter. We assume you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period.

- If you cannot file for court review within 60 days, you may ask the Appeals Council to extend your time to file. You must have a good reason for waiting more than 60 days to ask for court review. You must make the request in writing and give your reason(s) in the request.

(Doc. No. 7, Exhibit B) (emphasis added).

Thereafter, on December 17, 2007, seventy-seven days after he received notice of the Appeals Council's decision, Plaintiff filed his appeal with this Court. (Doc. No. 1). Defendant has moved to dismiss this appeal, claiming it was not filed within sixty days after Plaintiff received notice of the Appeals Council's denial. (Doc. No. 6). Plaintiff has responded to this motion. (Doc. No. 7). This matter is now ready for decision.

---

[1] The "Background" is taken from the docket report in this case and the briefing of the parties.

2

**2. <u>Applicable Law</u>:**

Pursuant to 42 U.S.C. § 405(g), a claimant is permitted to appeal "any final decision of the Commissioner of Social Security." In general, a decision of the Commissioner of Social Security is final when the following four administrative review steps have been completed: (1) the initial determination, (2) reconsideration, (3) hearing before the ALJ, and (4) Appeals Council review. *See* 20 C.F.R. § 404.900(a)(5).

The claimant must appeal a final decision within sixty days "after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow." 42 U.S.C. § 405(g). The "notice of such decision" is the notice from the highest level of review completed, which is generally the Appeals Council. *See id.* The receipt of this notice, by either the individual or the individual's attorney, whichever occurs first, triggers the start of the sixty-day limitations period. *See Bess v. Barnhart,* 337 F.3d 988, 989 (8th Cir. 2003).

The sixty-day time period may, however, be equitably tolled by either the Commissioner of Social Security or by the courts. *See Bowen v. City of New York,* 476 U.S. 467, 479-81 (1986). Tolling allows a claimant to file an appeal with the federal district court after the sixty-day time-period has expired. *See id.* Tolling only applies in "rare cases" such as where "the Government's secretive conduct prevents plaintiffs from knowing a violation of rights . . . ." *Id.* (quoting *City of New York v. Heckler,* 742 F.2d 729, 738 (2nd Cir. 1984)). *See Turner v. Bowen,* 862 F.2d 708, 710 (8th Cir. 1988) (per curiam) (noting that equitable tolling has been allowed only in cases where government has hindered claimant's attempts to exercise rights by acting in a misleading or clandestine way). *See also Bess,* 337 F.3d at 989.

3. <u>Discussion:</u>

In the present action, Plaintiff admitted that he received notice of the Appeals Council's action on October 1, 2007. (Doc. No. 7, Paragraph 6). This date triggered the start of the sixty-day limitations period. *See Bess,* 337 F.3d at 989. This notice clearly provided that Plaintiff must file his civil action within sixty days or seek an extension from the Appeals Council. (Doc. No. 7, Exhibit B).

Plaintiff did not file the present action until December 17, 2007, *seventy-seven days* after he received notice of the Appeals Council's denial. (Doc. No. 1). Plaintiff has also not offered any evidence establishing that he sought, or was granted, a filing extension by the Commissioner of Social Security. (Doc. No. 7). Without more, Plaintiff cannot establish he met the requirements of 42 U.S.C. § 405(g). *See Bess,* 337 F.3d at 989 (affirming the dismissal of a claimant's action where the claimant failed to comply with the sixty-day requirement of 42 U.S.C. § 405(g)).

Furthermore, this Court should not equitably toll the limitations period in this case. There is no indication the Defendant acted in anyway to hinder or prevent the Plaintiff's right to file an appeal. Plaintiff has not requested such relief, has offered no valid reason for his delay,[2] and has offered no potential basis for granting such relief.

4. <u>Conclusion:</u>

This Court finds that pursuant to 42 U.S.C. § 405(g), Plaintiff's appeal was not timely filed and recommends that Defendant's Motion to Dismiss (Doc. No. 5) be **GRANTED** and that this case

---

[2] Plaintiff's only excuse for filing this appeal outside the sixty-day time period is that he did not receive notice from the Appeals Council until *six days* after the notice was dated, instead of the presumptive *five days.* (Doc. No. 7). However, regardless of any five-day presumption, the Eighth Circuit has held that the sixty-day time period begins to run on the date notice is *received. See Bess,* 337 F.3d at 989. Plaintiff admitted that he received notice over sixty days before the date he filed his Complaint. (Doc. No. 7, Paragraph 6). Accordingly, Plaintiff has offered no valid reason for his delay.

4

be **DISMISSED** with prejudice.

      The parties have ten (10) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.  *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

      ENTERED this 17th day of June, 2008.

                          /s/   Barry A. Bryant
                          HON. BARRY A. BRYANT
                          U.S. MAGISTRATE JUDGE